# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GAIL MAGER,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **TRAVELERS HOME AND MARINE INSURANCE COMPANY,** *Defendant* | : : : : | **No. 19-02469** |

## MEMORANDUM

PRATTER, J.                                                                                    JANUARY 13, 2020

The parties have two competing visions for the future of this litigation: one seeks to have it returned to state court; the other seeks its dismissal altogether. Upon consideration of the parties' written and oral advocacy, as well as the applicable case law, the Court denies the motion to remand and grants the motion to dismiss for lack of standing.

### BACKGROUND

Ms. Mager, driving one car, and Jessica Ramos, driving another vehicle owned by her mother, Donna Ramos, collided. The Ramos vehicle was insured by Travelers Home and Marine Insurance Company for a policy period of 2011-2012. Donna Ramos was the named insured. The automobile accident occurred in 2012.

Prior to initiating the present action, Ms. Mager filed a negligence personal injury lawsuit in the Philadelphia Court of Common Pleas in 2013 against Donna Ramos and Jessica Ramos. In these proceedings, Ms. Mager and Donna Ramos signed a stipulation setting forth the following:

- The vehicle driven by Jessica Ramos was owned by Donna Ramos and insured under the Travelers insurance policy.

1

- Upon belief, Jessica Ramos was denied coverage under the Travelers policy for being a non-permissive user of the vehicle and/or pursuant to other policy exclusions.

- At trial, the only issue to be tried would be the issue of negligence of Jessica Ramos and/or Donna Ramos, and to the extent that there would be a finding of negligence against either of the individuals, Ms. Mager agreed to cap all damages sought to $100,000.

- Should Donna Ramos be found negligent, Travelers would pay the sum of the damages awarded against her, and/or should Ms. Mager initiate a declaratory judgment action to collect on a judgment against either Jessica or Donna Ramos, the sum of collection would be limited to $100,000.[1]

The stipulation was not signed by any attorney or agent of Travelers. Thereafter, a jury trial commenced, and directed verdict was entered in favor of Ms. Mager and against Jessica Ramos. The jury returned a verdict in favor of Donna Ramos.

This declaratory judgment action was filed by Ms. Mager in 2019 in the Philadelphia Court of Common Pleas. Travelers removed on the basis of diversity jurisdiction. Ms. Mager seeks a declaration that the Travelers insurance policy at issue covers the liability of Jessica Ramos.[2]

## PARTIES' ARGUMENTS

### I. Motion to dismiss

Travelers's arguments are two-fold. First, it argues that Ms. Mager as the injured party has no standing to seek a declaratory judgment regarding coverage issues under the insurance policy covering the mother of the tortfeasor, Donna Ramos. Second, Travelers argues that Ms. Mager's

---

[1] The parties have submitted an unsigned stipulation for review, but the Court takes judicial notice of the actual stipulation approved and docketed in the state court litigation and that only includes the signatures of the attorneys for Plaintiff Mager and Defendant Donna Ramos.

[2] At oral argument, the parties conceded that the underlying complaint relies on the stipulation filed in state court. While as a general rule, the Court's analysis on a motion to dismiss prohibits consideration of matters outside of the pleadings, an exception lies where a document is integral to the complaint. *See In Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997). Consequently, the Court need not assess the propriety of whether to consider the stipulation in its ruling on the motion to dismiss because the parties concede the stipulation is integral to the complaint in this case.

2

case must be dismissed because she failed to join an indispensable party to this litigation, namely, Donna Ramos.

Ms. Mager contends that she has standing to sue because the Third Circuit Court of Appeals has held that an injured party has a right to be heard in liability insurance cases because the real dispute in such cases is between the injured party and the tortfeasor's insurer. She also argues that the stipulation signed and entered in the underlying personal injury lawsuit was signed by Donna Ramos's attorney, who purportedly "by proxy was a representative of Defendant Travelers[,]" and who agreed to a provision in the stipulation that permitted Ms. Mager to assert a declaratory judgment action against Travelers. Opp'n Br. (Doc. No. 12), p. 4. As to the issue of joinder, Ms. Mager claims that Donna Ramos is not necessary to determine the contractual rights and duties under the insurance policy, and further, Donna Ramos would not be affected if judgment is entered against Travelers, because she was aware, by way of the stipulation, of the possibility that Ms. Mager may sue for declaratory judgment.

## II.     Motion to remand

Rather curtly, Ms. Mager argues that remand is appropriate because she has offered to limit damages to $74,000. She also asserts she will file an amended complaint in state court asserting the same. Travelers opposes remand on this basis.

## DISCUSSION

### I.     Motion to Remand

As an initial matter, the Court denies the motion to remand. A plaintiff may not amend the complaint to try and defeat federal diversity jurisdiction after removal, if prior to removal, the complaint satisfied the monetary floor involving over $75,000. *See Ciecka v. Rosen*, 908 F. Supp. 2d 545, 549 (D.N.J. 2012) (Simandle, J.) (where the plaintiffs offered to stipulate that they would cap their damages to under $75,000, and the initial complaint alleged damages in excess of

$75,000, denying remand motion and holding that such a stipulation could not defeat diversity jurisdiction).[3] In her complaint, Ms. Mager avers that she is entitled to collect on a judgment of $100,000 from Travelers in full and final satisfaction of the judgment entered against Jessica Ramos in state court. She now seeks to amend her complaint and stipulate to a damages award of no more than $74,000. Such an amendment, opposed as it is by Travelers, cannot defeat diversity jurisdiction. Thus, her motion to remand is denied.

## II. Motion to Dismiss

Because the Court finds that Ms. Mager has no standing to pursue a declaratory judgment action as the injured party against Travelers, the Court dismisses the complaint and does not address the issue of whether Ms. Mager failed to properly join an indispensable party.

The federal Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.[4] Of course, the threshold question before determining the appropriateness of declaratory judgment is whether an actual controversy exists. To establish standing, "a plaintiff must show, among other things, that she is asserting her 'own legal interests rather than those of third parties.'" *Carrasquillo v. Kelly*, No. 17-4887, 2018 WL 1806871, at *2 (E.D. Pa. Apr. 17, 2018).

---

[3] The Court recognizes that it is not uncommon that such a stipulation becomes a convenient means by which both litigants and the federal court clear the docket of such a dispute. However, this is not such an agreed upon occasion.

[4] "It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions apply in diversity cases. While state law must determine the substantive rights and duties of the parties to the insurance contract, the question of justiciability is a federal issue to be determined only by federal law." *Federal Kemper Insurance Company v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986).

4

While the Third Circuit Court of Appeals has held that an injured third-party may have standing to *defend* against a declaratory judgment brought by an insurer where the injured party is sued as a direct defendant, on the facts now before this Court, the appellate court has not yet ruled on whether a third-party *plaintiff* has such standing to sue. *See Rauscher*, 807 F.2d at 354 (where an insurer sought declaratory judgment that the accident at issue between its insured and a party injured from the accident was not covered under the insurance policy, the Court of Appeals held that a case and controversy existed between the insurer and injured party such that a default judgment against the insured did not automatically lead to judgment against the injured party); *see also American Automobile Insurance Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011) (in a declaratory judgment action where a professional liability insurer sued its direct insured, an automobile insurance agent, and other interested parties including the policyholder of the insurance policy sold by the agent and a decedent's estate that sued the policyholder for negligence that caused the decedent's death, the appellate court held that while the policyholder of the automobile insurance policy had standing to appeal the grant of summary judgment in favor of the professional liability insurer, the decedent's estate did not because the latter was an injured party twice-removed. Without an assignment of rights, the estate's claim was too derivative and speculative.).

While Ms. Mager cites to these two decisions to support the notion that she has standing to sue as a third-party injured *plaintiff* despite not being party to the insurance policy at issue, at least twice have courts in the Third Circuit, addressing standing of someone in her shoes and interpreting the above Third Circuit case law, rejected her position. In *Carrasquillo*, the plaintiff, individually and as administratrix of the deceased's estate, sought declaratory judgment against an insurance company and the insured-tortfeasor. 2018 WL 1806871 at *1. The plaintiff sought a declaratory judgment initially in state court that the insurer owed a duty to defend and indemnify the insured

5

in a pending state court personal injury case where the plaintiff alleged the death of the decedent was caused by the negligence of the insured. The plaintiff had not alleged that the estate was the assignee of the rights of the tortfeasor. The insurer removed the case on the basis of diversity.

Noting *sua sponte* that the precise standing issue had not yet been addressed by the Third Circuit Court of Appeals, the district court determined that as a matter of Article III standing, "it would go beyond" Third Circuit precedent to permit an injured plaintiff to seek declaratory judgment related to an insurance policy to which she was not a party. The court then held that the plaintiff lacked standing to seek such a declaration "about third parties' legal interests rather than her own." *Id.* at *3-4.

In *Hickey v. Zurich American Insurance Company*, No. 19-1401, 2019 WL 6037080 (W.D. Pa. Nov. 14, 2019), the injured plaintiff initially sought declaratory judgment in state court from the insurer for excess insurance coverage after the plaintiff had already received the policy limits on two primary insurance policies issued to the insured. After the insurer removed the action and sought to dismiss the case, the plaintiff sought remand on the basis that the court lacked subject matter jurisdiction over the lawsuit in part because she sought declaratory judgment pursuant to a Pennsylvania state statute. The district court held that it was hard-pressed to issue a declaration about third-party legal rights and obligations other than the plaintiff's. *Id.* at *2. The court noted that the court of appeals has proffered "no precedent . . . allowing an injured, third party such as [the p]laintiff . . . to pursue a declaratory judgment against the insurer of the alleged tortfeasor-insured[,]" and it found the plaintiff had no standing to seek declaratory judgment under the circumstances. *Id.*

This Court agrees with these rulings. As a third-party plaintiff to the insurance policy at issue, Ms. Mager has not demonstrated that she has standing to seek declaratory judgment in this

6

lawsuit as a matter of federal common law. The Court rejects the assertion that a stipulation alone, that is not signed by the party against whom declaratory judgment is sought (and that the parties have actually conceded does not assign any legal rights to Ms. Mager), even if for some undisclosed reason the stipulation is "Approved for Filing and Docket" by a presiding state court judge, renders the federal requirement of standing superfluous and, thus, meaningless. Nowhere else in the record is there evidence that Ms. Mager is the *de facto* much less *de jure* assignee of rights under the insurance policy or otherwise possesses the legal right to assert this action. For these reasons, the Court will dismiss the complaint.

## CONCLUSION

Consequently, the Court denies the motion to remand and grants the motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE